**Ronaldo QUINONEZ–COLOP,**
**Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 11–72151.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 14, 2013.*

Filed May 22, 2013.

Ronaldo Quinonez–Colop, pro se.

Chief Counsel Ice, Office Of The Chief Counsel Department Of Homeland Security, San Francisco, CA, Jason Wisecup, DOJ—U.S. Department Of Justice, Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and MURGUIA, Circuit Judges.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Ronaldo Quinonez–Colop, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen exclusion proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir.2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Quinonez–Colop's motion to reopen as untimely where the motion was filed more than nine years after his exclusion order became final, *see* 8 C.F.R. § 1003.2(c)(2), and Quinonez–Colop failed to demonstrate a material change in circumstances in Guatemala to qualify for the regulatory exception to the filing deadline, *see* 8 C.F.R. § 1003.2(c)(3)(ii).

We lack jurisdiction to consider Quinonez–Colop's contention regarding fraud by a non-attorney in the filing of his second motion to reopen because he failed to raise that claim to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (this court lacks jurisdiction to review contentions not raised before the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).